Filed 7/25/25  P. v. Lopez CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>v.<br><br>DAVID BUSIO LOPEZ,<br><br>　　Defendant and Appellant. | A171790<br><br>(Sonoma County Super. Ct.<br>No. SCR4654761) |

**MEMORANDUM OPINION[1]**

In 2007, defendant David Busio Lopez was convicted by a jury of inflicting corporal injury on a current or former spouse or cohabitant (Pen. Code, § 273.5, subd. (a)[2]), false imprisonment (§ 236), and attempting to prevent or dissuade a person from reporting a crime (§ 136.1, subd. (b)(1)). The trial court found true allegations that defendant had two prior serious felony convictions and five prior "strike" convictions within the meaning of the Three Strikes Law (§§ 667, subd. (a)(1), 1170.12).  The court sentenced him to an aggregate term of 30 years to life.  This court affirmed the

---

[1]　　We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.

[2]　　All further undesignated statutory references are to the Penal Code.

1

judgment in an unpublished opinion issued in 2009. (*People v. Lopez* (Dec. 29, 2009, A121255) [nonpub. opn.].)

In August 2024, defendant sent the trial court a form "request for recall of sentence and resentencing" pursuant to Assembly Bill No. 600 and section 1172.1. Defendant asserted he was eligible for resentencing because various laws that applied at the time of his sentencing had changed. Among other things, he indicated he believed imposition of lower terms pursuant to amended section 1170, subdivision (b) would be in the interests of justice. The trial court responded by letter signed by the court clerk, which stated in full: "The Court is in receipt of your Request for Recall of Sentence and Resentencing pursuant to Assembly Bill [No.] 600 and . . . [section] 1172.1. Pursuant to [section] 1172.1(c), the court takes no action on your request." Defendant filed this appeal. Initially, he argues this affirmative denial of his petition is an appealable order affecting his substantial rights. (§ 1237, subd. (b).) We disagree.

Section 1172.1 provides for recall and resentencing of felony defendants committed to the Department of Corrections and Rehabilitation. Effective January 1, 2024, section 1172.1 was amended to provide that "the court may, on its own motion, . . . *at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law*, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence. Recall and resentencing under this section may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case." (§ 1172.1, subd. (a)(1), as amended by Stats. 2023,

ch. 446, § 2, italics added.) "[S]ection 1172.1 is a statutory exception to the general rule that ' "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence." ' " (*People v. Hodge* (2024) 107 Cal.App.5th 985, 992 (*Hodge*).)

As relevant here, subdivision (c) of section 1172.1 provides: "A defendant is not entitled to file a petition seeking relief from the court under this section. *If a defendant requests consideration for relief under this section, the court is not required to respond.*" (Italics added.) Given this language, case law has developed holding that the dismissal or denial of a request for resentencing pursuant to section 1172.1 is not an appealable order under section 1237, subdivision (b), which otherwise generally permits appeals "[f]rom any order made after judgment, affecting the substantial rights of the party." (*Hodge, supra*, 107 Cal.App.5th 985, 996; *People v. Roy* (2025) 110 Cal.App.5th 991, 994–995, 999 (*Roy*); *People v. Faustinos* (2025) 109 Cal.App.5th 687, 693 (*Faustinos*); *People v. Brinson* (July 14, 2025, A171744) ___ Cal.App.5th ___.) We find the reasoning in these cases persuasive and follow them.

In contending the denial of his section 1172.1 request is appealable under section 1237, subdivision (b), defendant relies on *People v. Loper* (2015) 60 Cal.4th 1155 and *People v. Carmony* (2004) 33 Cal.4th 367. But case law persuasively distinguishes *Loper* as involving a postjudgment proceeding that was " 'properly initiated' by government authorities rather than by the defendant." (*Faustinos, supra*, 109 Cal.App.5th at p. 698.) In contrast, here "no entity had begun an authorized postjudgment proceeding." (*Ibid.*; cf. *Hodge, supra*, 107 Cal.App.5th at p. 997.) True, "the holding in *Loper* means that the defendant's lack of standing to file a petition for resentencing does not itself deprive the defendant of a substantial stake in the outcome."

3

(*Hodge*, at p. 996.)  But the second sentence of section 1172.1, subdivision (c) applies in this case, and it expressly provides that defendants who file their own invitation for resentencing have no right to a ruling.  (*Hodge*, at p. 996.)

Similarly, case law persuasively distinguishes *Carmony*.  Among other things, *Carmony* concerned the denial of a *prejudgment* sentencing motion, and so "did not concern appealability under section 1237, subdivision (b) and did not interpret what it means for a postjudgment order to affect a defendant's 'substantial rights' under that provision." (*Roy, supra*, 110 Cal.App.5th at p. 1000; cf. *Faustinos, supra*, 109 Cal.App.5th at p. 699.) Moreover, "unlike . . . the limits on a trial court's discretion not to dismiss a prior strike under section 1385, section 1172.1 places no constraints on the trial court's decision declining to initiate reconsideration of a sentence on its own motion." (*Hodge, supra*, 107 Cal.App.5th at p. 997.)

Aside from the foregoing, defendant relies on *People v. Chatman* (2025) 108 Cal.App.5th 650 to argue the appealability of denials of section 1172.1 requests for relief.  But the Court of Appeal granted rehearing in *Chatman*, thus vacating and depublishing the decision.  (Cal. Rules of Court, rules 8.268(d), 8.1105(e)(1)(A).)  As such, it has no precedential value and should not be relied upon.  (*Id.*, rule 8.1115(a).)

Last, defendant argues that newly enacted section 1171 renders the decision here appealable and erroneous because subdivision (c) of that statute created mandatory procedures regarding resentencing statutes such as section 1172.1, e.g., it requires courts to consider appointing counsel and to state reasons on the record for granting or denying a resentencing request. (§ 1171, added by Stats. 2024, ch. 964, § 2.)  As this court recently concluded, however, "section 1172.1, subdivision (c), not section 1171, subdivision (c),

4

applies to defendant-initiated requests for recall and resentencing." (*People v. Brinson* (July 14, 2025, A171744) ___ Cal.App.5th ___.)

In sum, this court has no appellate jurisdiction pursuant to section 1237, subdivision (b), and the appeal must be dismissed.

**DISPOSITION**

The appeal is dismissed.

_____
Fujisaki, J.

WE CONCUR:

_____
Tucher, P. J.

_____
Rodríguez, J.

*People v. Lopez* (A171790)